MATTHEW A. VAN WINKLE

*v.*

MATTHEW ARMSTRONG et al.

An assignment for the benefit of creditors, made by two partners in New York, contained no words of inheritance, and did not therefore pass the title in fee to lands in this state. The assignee filed a bill to rectify the assign-

Van Winkle *v.* Armstrong.

ment in this respect, averring that one of the partners had, as executor, obtained a judgment here against the firm on a debt pretended to be due from the firm to him as executor, and in order to defeat the assignment had levied on lands in this state which were owned by one of the firm at the time of making the assignment, but that he, as executor, was in fact indebted to the firm in an amount exceeding his pretended claim. The partner (the executor) answered by way of cross-bill, insisting upon the validity of his claim and judgment, and that, as the New York assignment contained preferences which rendered it void as to creditors here, he was entitled to have his debt satisfied out of the lands in this state in preference to any claim by the assignee thereto. —*Held,* that his defence could be made by answer without a cross-bill, and that he could not in this suit involve the complainant in a litigation with his copartner over his claim as executor.

---

Bill to rectify deed of assignment. On motion to strike out, so far as the complainant is concerned, so much of the answer of Matthew Armstrong as is by way of cross-bill.

*Mr. E. M. Colie,* for the motion.

*Mr. S. C. Mount, contra.*

THE CHANCELLOR.

The bill is filed to rectify a joint and several deed of assignment, made in New York, in January, 1883, by William and Matthew Armstrong, the members of the firm of M. Armstrong & Sons, to the complainant, for the benefit, so far as the partnership assets are concerned, of the creditors of the firm, and as to the individual estates of the assignors, for the benefit of their respective individual creditors. The deed purports to convey all the property of the assignors. It does not pass the title in fee to real estate in this state, because of the absence therefrom of words of inheritance. In view of that defect, Matthew Armstrong made another assignment, a separate one, in March following. William Armstrong had real estate in Hudson county in this state. He has made no assignment except that which this suit is brought to correct. The bill states that that deed was filed in the office of the register of Hudson county in January, 1886; that Matthew Armstrong, claiming that the firm was in-

debted to him as surviving executor of Matthew Armstrong, deceased, proved the debt and received a dividend thereon from the assets of the firm under the assignment, and that afterwards he caused a judgment, at his suit as such executor, to be begun against himself and William Armstrong, in the Hudson circuit court, for the recovery of the debt, in which suit judgment was entered by default on service of a summons upon himself alone, and that he has issued execution upon the judgment and has caused it to be levied upon real estate in Hudson county which was owned by William Armstrong at the time of making the assignment. The bill charges that the judgment is fraudulent, and was intended to defeat the assignment, and that the defendant Matthew Armstrong, as executor of Matthew Armstrong, deceased, is indebted to William Armstrong in a sum greatly exceeding the amount of the claim upon which the judgment was founded. Matthew Armstrong has answered. Part of his answer is by way of cross-bill against the complainant and William Armstrong. In the cross-bill he states that William Armstrong has taken steps to set aside the judgment on the ground that Matthew Armstrong, the plaintiff therein, and Matthew Armstrong, defendant, are the same person. He also alleges that the claim, for the recovery of which the action was instituted, is a valid one, and, claiming that if not cognizable at law it is in equity, he insists that he is entitled to have it paid out of any property of the firm, or of the members thereof, in this state, in preference to any claim of the assignee to such property under the assignment. The complainant moves to strike out the answer by way of cross-bill, so far as he is concerned.

The object of the bill is to rectify the assignment so that it may convey the real estate of William Armstrong in this state in fee. The assignment, so far as the partnership debts and the individual debts of Matthew Armstrong are concerned, provided for preferences. It is contrary to the policy of our law to recognize such an assignment as against the claims of persons domiciled here. *Varnum* v. *Camp*, 1 Gr. 326; *Moore* v. *Bonnell*, 2 Vr. 90. The bill not only attacks the judgment, but avers that Matthew Armstrong, upon an accounting by him as executor,

would be found to be indebted to William Armstrong to an amount exceeding the amount of the claim upon which the suit was brought. It seems to me to be quite clear that the cross-bill is not necessary to Matthew Armstrong's defence. His object in filing it is to get a decree of this court in his favor as executor against William Armstrong for the debt, and to collect the amount of it out of the property of the latter in this state. He insists, in effect, by his answer that in equity his claim should be satisfied out of that property before rectifying the assignment. That defence can be set up without a cross-bill. He cannot involve the complainant in a litigation in this suit for the purpose of establishing his debt as against William Armstrong and collecting it out of William Armstrong's property. The allegations in the cross-bill tending to establish the debt may, however, be regarded, so far as the complainant is concerned, as averments that he is a New Jersey creditor of the firm, and is therefore entitled to resist the application to rectify the assignment. The motion will be granted (but without costs), and the answer (which is not sworn to) will be so amended that the matter exhibited by way of cross-bill shall, so far as the complainant is concerned, stand as part of the answer proper.